UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

**CRIMINAL CASE NO. 13-131-JMH-CJS**
**CIVIL CASE NO. 14-7353-JMH-CJS**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**v.**                          **REPORT AND RECOMMENDATION**

**MARIO ALONSO UMANZOR-PLEYTES**                          **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On June 2, 2014, Defendant Umanzor-Pleytes filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under to 28 U.S.C. § 2255. (R. 25). Pursuant to local practice, this matter has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and for preparation of a Report and Recommendation. *See* 28 U.S.C. § 636(b). Preliminary review of Defendant's Motion to Vacate, Set Aside, or Correct Sentence reveals that Defendant's direct appeal is still pending. Therefore, it will be herein **recommended** that Defendant's § 2255 Motion (R. 25) be **denied without prejudice** as premature.

On November 25, 2013, Defendant pled guilty, pursuant to a written Plea Agreement, to a violation of 8 U.S.C. §§ 1326(a) and (b)(2), Illegal Re-entry by Previously Deported Alien (Aggravated Felon). (R. 12, 13). On March 10, 2014, Defendant was sentenced to a thirty-six-month term of imprisonment and Judgment was entered. (R. 18, 20). On March 17, 2014,

Defendant appealed from that Judgment (R. 21), which appeal is still pending before the Sixth Circuit Court of Appeals. *United States v. Umanzor-Pleytes*, No. 14-5296 (6th Cir.). On June 2, 2014, Defendant filed the pending § 2255 Motion. (R. 25).

The Sixth Circuit has held that "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). Defendant's direct appeal to the Sixth Circuit is currently pending, and he has not demonstrated that any extraordinary circumstances exist. *See id.*; *United States v. Adams*, 361 F. App'x 664, 665 n.1 (6th Cir. Jan. 13, 2010) (noting district court did not mention any extraordinary circumstances that would warrant consideration of § 2255 motion while direct appeal pending); *United States v. Goddard,* No. 07-134-JMH, 2010 WL 3394392, at *1 (E.D. Ky. Aug. 24, 2010) (denying without prejudice defendant's § 2255 motion filed while direct appeal pending). Therefore, it will be recommended that Defendant's § 2255 Motion (R. 25) be denied without prejudice to its timely re-filing after his pending appeal to the Sixth Circuit has concluded.

Accordingly, **IT IS RECOMMENDED** that:

1. Defendant Umanzor-Pleytes's Motion To Vacate pursuant to 28 U.S.C. § 2255 (R. 25) be **denied without prejudice** as premature;

2. Defendant Umanzor-Pleytes's § 2255 proceeding, including Civil Case No. 14-7353, be **dismissed without prejudice** and **stricken** from the docket of this Court; and,

3. No Certificate of Appealability be issued by the District Court in conjunction with the Court's entry of its order in this matter, as the Court's denial without prejudice of Defendant's § 2255 motion is not a "final" order under 28 U.S.C. § 2253(a), *see Goddard,* 2010 WL 3394392,

at *1 (citing *United States v. Ocampo,* No. 06-20172, 2009 WL 3429606, at *1(E.D. Mich. Oct. 20, 2009)), nor has the § 2255 Motion been reviewed on the merits and, consequently, a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2) has not been considered.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the presiding District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the presiding District Judge and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 16th day of June, 2014.



**Signed By:**
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\general orders\13-131 mtn premature; appeal pendg.wpd